# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIO JURADO PENA,<br><br>Defendant. | Case Nos. 1:07-CR-00333-LJO<br><br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782<br><br><br>(Doc. 60) |

Before the Court is the pro se motion of Defendant Mario Jurado Pena ("Defendant") to reduce his sentence (Doc. 60), under U.S.S.G. § 1B1.10(b)(1) and Amendment 782 to the United States Sentencing Guidelines,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses.[2]  The Government has opposed the motion on the basis that Defendant is not eligible for a reduction under § 1B1.10. *See* Doc. 65.  Upon a thorough review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court will deny the motion.

**Standard of Review**

A federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. 18 U.S.C. § 3582(c)(2); *see United States v. Dunn,* 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Guidelines unless otherwise indicated.
[2] Defendant's motion also seeks to reduce his sentence in a prior, unrelated criminal case (1:06-CR-00126-01-LJO).  In Case No. 1:06-CR-00126-01-LJO, the Court sentenced Defendant to a 108-month term of imprisonment.  In the instant case, the Court sentenced Defendant to a 51-month term, 33 months of which would run concurrently with the sentence in the previous case, and 18 months to be served consecutively to the sentence in the previous case.  This Court addresses Defendant's motion as it relates to Case No. 1:06-CR-00126-01-LJO in a separate order.

chemical quantity tables across drug and chemical types assigned to the quantities that trigger the statutory mandatory minimums contained in § 2D1.1 and made parallel changes to § 2D1.11.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

However, a district court's authority to modify a sentenced is constrained by the Sentencing Commission.  *Dillon v. United States,* 560 U.S. 817, 826-27 (2010).  Pursuant to §1131.10(a)(2)(13), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10 (a)(2)(B).

**Discussion**

In this case, Defendant pleaded guilty to seven counts of mail fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1341, 1342.  Doc. 59.  Accordingly, the sentencing was governed by § 2B1.1(a)(1)(B), not § 2D1.1 or § 2D1.11.  Doc. 50, at 7; *see also* United States Sentencing Commission, Guidelines Manual, § 1B1.1 (Nov. 2015).  Amendment 782, which only pertains to §§ 2D1.1 and 2D1.11, is therefore not applicable in this case.  Because Defendant has no basis for seeking a reduction, the Court must deny his motion.  *See* § 1B1.10 (a)(2)(B).

**CONCLUSION AND ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Mario Jurado Pena's motion to reduce his sentence is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2).

**IT IS SO ORDERED**
**Dated: November 12, 2015**

**/s/ Lawrence J. O'Neill**
**United States District Judge**

2